IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUKHAN MUMIN,<br><br>            Plaintiff,<br><br>    vs.<br><br>CASE MANAGER LINDSEY CARROLL, in their individual capacity; and CASE WORKER MOESHOESHOE, in their individual capacity,<br><br>            Defendants. | **8:24CV131**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on pro se Plaintiff Dukhan Mumin's motion for Leave to File Second Amended Complaint. Filing No. 38. Plaintiff's motion is denied for the reasons set forth herein.

Plaintiff is moving to amend his complaint for the second time. Accordingly, he is appropriately seeking the Court's leave to amend. Fed. R. Civ. Proc. 15(a)(2). Federal Rule of Civil Procedure 15 requires the Court to "freely give leave when justice so requires."

On September 22, 2025, the Court entered a Rule 16 scheduling order setting February 3, 2026 as the deadline to file motions to amend. *See* Filing No. 29. Federal Rule of Civil Procedure 16(b) provides the Court may only modify a scheduling order "for good cause." When a party moves to amend the complaint outside the deadlines in the scheduling order, the party must show good cause

1

pursuant to Rule 16(b) before the Court considers whether leave to amend should be granted pursuant to Rule 15. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715–16 (8th Cir. 2008).

To determine whether good cause exists pursuant to Rule 16(b), the Court considers "the movant's diligence in attempting to meet the order's requirements." *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023), *reh'g denied*, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

The Court set February 3, 2026 as the deadline for moving to amend pleadings or add parties. Filing No. 29. It appears Plaintiff mailed his motion on February 12. *See* Filing No. 38 at 3. The motion was filed on February 19. Accordingly, Plaintiff must show good cause to re-open and extend the deadline for filing motions to amend. Plaintiff does not provide good cause in his motion. Moreover, upon review of the docket and Plaintiff's proposed second amended complaint, the Court finds good cause does not exist.

Plaintiff asserts he is moving to amend to add facts to bolster claims he previously asserted against Shaun Settles and Case Manager Fricke. Filing No. 38 at 1. These claims arise out of the drug testing of a bottle of cologne found on Plaintiff's person. Upon initial review in August 2025, the Court dismissed the drug testing claims pertaining to Settles and Fricke without prejudice. Filing No. 13. Upon review of his proposed second amended complaint, Plaintiff is also adding claim(s) against Defendant Case Manager Lindsey Carroll pertaining to prisoners' permitted study time. Filing No. 38-1 at 2 ¶¶ 4–8. These study time claim(s) are not alleged in the operative complaint. *See* Filing No. 9.

Plaintiff previously moved to amend his complaint in September 2025 and October 2025. Filing No. 31; Filing No. 33. The Court denied both motions to

amend without prejudice for failure to comply with the local rules. Filing No. 32; Filing No. 35. The last denial without prejudice occurred on October 16, 2025. Plaintiff does not explain why he waited four months, until after the deadline to file motions to amend lapsed, to renew his motion. Importantly, upon review of Plaintiff's proposed second amended complaint, it appears the facts Plaintiff seeks to add pertaining to Settles and Fricke are not newly discovered and have been available to Plaintiff since 2022.

Accordingly, based upon the information before the Court, Plaintiff was not diligent in attempting to meet the deadline to file motions to amend. Plaintiff did not show good cause to re-open and extend the motion to amend deadline. Plaintiff's motion to amend, Filing No. 38, is denied.

IT IS SO ORDERED.

Dated this 20th day of February, 2026.

BY THE COURT:


*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

3